JUDGE DAVID BRIONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2008 JUN 20 AM 10: 26
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) ) | **COMPLAINT** |
| ABM Janitorial Services, a wholly owned subsidiary of ABM Industries, Inc., | ) ) ) | |
| Defendant. | ) ) ) | **JURY TRIAL DEMAND** |

EP08CA0220

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Melvin Kennebrew, who was adversely affected by such practices when he was discharged from his employ with Defendant because of his race, Black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the El Paso Division of the United States District Court for the Western District of Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is

the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, a Delaware Corporation, has continuously been doing business in the State of Texas and the City of El Paso, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Melvin Kennebrew filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since on or about November 21, 2005, Defendant has engaged in unlawful employment practices at its Fort Bliss, Texas facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by discharging Melvin Kennebrew because of his race, Black.

8.      The effect of the unlawful employment practices complained of in paragraph 7 above has been to deprive Melvin Kennebrew of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were

done with malice or with reckless indifference to the federally protected rights of Melvin Kennebrew.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discharging employees because of their race, and from any other employment practice which discriminates on the basis of race.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Melvin Kennebrew, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or front pay in lieu thereof.

D.  Order Defendant to make whole Melvin Kennebrew by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.  Order Defendant to pay Melvin Kennebrew punitive damages for its malicious or reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public

interest.

G.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

LETICIA DOMINGUEZ
Trial Attorney
Texas State Bar No. 00795741

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

El Paso Area Office
300 E. Main, Suite 500
El Paso, Texas 79901
       Telephone: (915) 534-6676
       Facsimile: (915) 534-6701

4