IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO.: EP08CA0220 |
| ABM JANITORIAL SERVICES-SOUTH CENTRAL, INC., | § § § § | |
| Defendant. | § | |

## AGREED ORDER

The parties, Plaintiff United States Equal Employment Opportunity Commission ("EEOC") and Defendant ABM Janitorial Services-South Central, Inc. ("Defendant"), have agreed to the Court's entry of this Agreed Order. This Agreed Order resolves Plaintiff EEOC's claims in the above-referenced Civil Action No. EP08CA0220. Plaintiff EEOC initiated its lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race, and to provide relief to Melvin Kennebrew. More specifically, Plaintiff EEOC filed this lawsuit alleging that Defendant unlawfully discharged Melvin Kennebrew because of his race. Defendant denies the allegations and represents that Kennebrew was terminated for legitimate, non-discriminatory reasons.

Plaintiff EEOC and Defendant wish to settle the claims raised by Plaintiff EEOC in this case, without the necessity of further litigation, pursuant to the terms delineated in

this Agreed Order. Defendant's execution of this Agreed Order shall not constitute an admission of liability.

IT IS ORDERED AND ADJUDGED as follows:

1. Each and every term of this Agreed Order, including but not limited to its name, has been the subject of negotiation and shall have no precedential value in any other EEOC lawsuit.

2. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. Plaintiff EEOC's Complaint states claims on behalf of Melvin Kennebrew, which, if proved, would authorize this Court to grant relief against Defendant, pursuant to Title VII.

3. This document resolves all issues raised in Plaintiff EEOC's Complaint in this case. Plaintiff EEOC waives further litigation of all issues raised in the above-referenced Complaint. Plaintiff EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant. All terms set forth in this Agreed Order shall apply only to the El Paso Branch of Defendant, and all references to "Defendant" in Paragraph Numbers 4-17 below shall mean the El Paso Branch of Defendant.

4. The duration of this Agreed Order shall be two years from the date of its approval by the Court. This Court shall retain jurisdiction of this action during the period of this Agreed Order, and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of this Agreed Order's provisions. Any act which the Court determines to be a violation of this Agreed Order shall toll the running of

this two year period as of the date of violation. The length of any tolling period shall be determined by the Court.

5. Defendant will, within thirty (30) days of the date when this Agreed Order is signed by the Court, pay to Melvin Kennebrew $17,000 in backpay and $29,000 in compensatory damages. Defendant will, in the ordinary course of business, withhold all applicable taxes from the backpay amount, provide Melvin Kennebrew with a W-2 form for the backpay amount, and provide Melvin Kennebrew with a Form 1099 for the compensatory damages amount. Melvin Kennebrew will be solely responsible for all additional applicable taxes that are not withheld by ABM and that are deemed appropriate by the Internal Revenue Code on the money which he receives pursuant to this Agreed Order. The payment to Mr. Kennebrew will be sent directly to him, by certified mail, return receipt requested, at the following address: 8937 Kenneth, Apt. #22, El Paso, Texas 79904. A copy of any settlement check and any accompanying transmittal documents will be forwarded to the EEOC to the attention of Tisha Dominguez, Trial Attorney, 300 E. Main, Suite 500, El Paso, TX 79901.

6. Defendant shall, in providing employment references regarding Melvin Kennebrew, limit itself to stating only Mr. Kennebrew's job title(s), and the dates of his employment with Defendant. Mr. Kennebrew shall direct all inquiries regarding employment references to Defendant's Regional Human Resources Director.

7. The Regional Human Resources Director shall not, in providing employment references regarding Melvin Kennebrew, make any mention of the filing of Plaintiff EEOC's Complaint, or the underlying charge of discrimination filed by Mr. Kennebrew.

8.  Defendant shall, within 30 days of the date that the agreement embodied herein is signed by the Court, expunge Mr. Melvin Kennebrew's personnel file(s) of any and all documents relating to the EEOC charge which he filed, and of any and all documents relating to Plaintiff EEOC's Complaint.

9.  Defendant shall comply with Title VII of the Civil Rights Act's prohibition against race discrimination.

10. Defendant shall post the notice regarding its intention not to discriminate against any employee as set forth in Exhibit A, which is attached to this Agreed Order. A copy of Exhibit A shall be posted in all areas where Defendant customarily posts notices to employees, including where employee paychecks are distributed. The notice shall be posted within ten (10) days of the date when this Agreed Order is approved by the Court, and shall remain posted for its duration.

11. Within thirty days of the date when this Agreed Order is approved by the Court, Defendant shall deliver to all of its employees a letter, signed by its Regional Vice President or similar company officer, affirming Defendant's intent to comply with all federal employment discrimination laws, including but not limited to the federal laws prohibiting race discrimination, affirming Defendant's employee handbook provision(s) regarding its intent not to discriminate against employees based on their race, and specifically explaining that employees will not be discharged because of their race.

12. Within three months of the date when this Agreed Order is approved by the Court, each of Defendant's supervisors and managers shall participate in no less than three (3) hours of equal employment opportunity training. Defendant shall further provide three (3) hours of equal employment opportunity training to its supervisors and managers for

each year that this Agreed Order is in effect. The training shall emphasize the law prohibiting discrimination based upon race in the workplace. The training shall also teach the steps which employees should follow if they believe that they are being discriminated against, and the steps which supervisory employees and human resources personnel should follow if they receive a complaint of discrimination. The trainings shall be conducted by a trainer or Human Resources professional with experience conducting employment discrimination-related training, and the EEOC must approve of the form, nature, and content of the training.

13. Within thirty days of each training described in paragraph 12 above, Defendant shall send the EEOC a written verification that the training was completed.

14. All persons attending the trainings described in paragraph 12 above shall acknowledge their attendance at those trainings by signing an attendance form. Defendant shall provide the EEOC with copies of those attendance forms, along with the verifications required by paragraph 12 above.

15. Defendant will, within thirty days of the date when this Agreed Order is approved by the Court, send a written report to the EEOC which: (a) describes the specific items expunged from Melvin Kennebrew's personnel file(s); and (b) confirms that the "Exhibit "A" was posted in compliance with this Order.

16. With three business days' notice to the Regional Human Resources Director, Plaintiff EEOC shall have the right to ensure compliance with the terms of this Agreed Order, and may: (a) conduct inspections of Defendant's facilities; (b) interview Defendant's employees; and (c) examine and copy relevant documents.

17. All reports to the EEOC required by this Agreed Order shall be sent to Tisha Dominguez, Trial Attorney, 300 E. Main, Suite 500, El Paso, TX 79901.

18. The terms of the agreement embodied by this Order shall be binding upon the EEOC and upon Defendant, its agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

19. Each party shall bear its own costs, including attorneys' fees incurred in this action.

SO ORDERED

Signed this 24th day of July, 2009.

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT COURT

 

_____
SAMANTHA BARLOW MARTINEZ
State Bar and Western District No. 24026860
Attorney-in-Charge
Muskat, Martinez & Mahony, L.L.P.
440 Louisiana Street, Suite 590
Houston, Texas 77002
Telephone: 713-987-7852
Telecopier: 713-987-7854

ATTORNEY FOR DEFENDANT
ABM JANITORIAL SERVICES, INC.

OF COUNSEL:

Muskat, Martinez & Mahony, L.L.P.
440 Louisiana, Suite 590
Houston, Texas 77002

AND _____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

LETICIA DOMINGUEZ
Trial Attorney
Texas State Bar No. 00795741
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
El Paso Area Office
300 E. Main, Suite 500
El Paso, Texas 79901
Telephone:   (915) 534-6676
Facsimile    (915) 534-6701

# EXHIBIT A



## Summary of Policies Against Discrimination and Harassment in the Workplace

Professional behavior is expected and required of all ABM employees. The Company's intent is to provide all employees with a workplace environment consistent with ABM's core values of Respect, Fairness and Dignity. Employees who are respected and valued and who are not distracted by discrimination, harassment or other forms of unprofessional or unacceptable conduct can fully contribute their skills and talents to enhance ABM's performance. Accordingly, ABM does not tolerate workplace discrimination or harassment based on race, religion, gender, national origin, age, disability, sexual orientation, veteran or any other status protected by law.

This policy is designed to promote a culture of Respect, Fairness and Dignity. To achieve this goal, this policy prohibits both illegal conduct and unprofessional, offensive conduct that is disruptive to teamwork and productivity. This policy applies equally to interactions between ABM employees as well as interactions between ABM employees, customers, vendors, tenants and other third-parties.

### Prohibited Conduct

Prohibited conduct includes offensive or derogatory verbal comments or jokes based on any personal characteristic unrelated to job performance. Obscene gestures, display of offensive or sexual visual material, unwanted sexual advances and physical touching or blocking of movement are also prohibited. Submission to sexual advances in order to get, keep or advance in a job, is a serious form of sexual harassment.

### Employee Responsibilities

<u>Speak Up</u>: If you are offended by conduct in the workplace, we encourage you to respond immediately by objecting directly to the offender, which is often very effective. If you are uncomfortable objecting to the offender, or if the conduct continues, report the conduct using the Company's reporting procedures described below. Preferences based on familial or romantic relationships are not appropriate in ABM's workplace. If you see favoritism occurring, report it using the procedures below.

<u>Report Any Violation of This Policy</u>: Employees should report incidents of such conduct as soon as they occur to:

(1)     The ABM Compliance Hotline at 1-877-ALERT 04 (1-877-253-7804). The Hotline is staffed 24 hours per day, 7 days per week and specialists are available to take calls in any language. Reports can be made anonymously and are also accepted online at https://www.compliance-helpline.com/ABMHotline.jsp; or

(2)         Your local Human Resources representative or regional HR Director; or

(3)         The Employee Relations unit at ABM Industries Incorporated at (415) 351-4367.

### Retaliation Is Prohibited

ABM takes seriously all concerns about employee treatment and maintaining a professional workplace environment and prohibits retaliation against individuals who report violations of this policy in good faith. If you observe or experience retaliation, please report it using the reporting procedures above. Retaliation is defined as any conduct or harm that would have the effect of discouraging an employee to make a complaint.

The Equal Employment Opportunity Commission ("EEOC") receives complaints of discrimination and retaliation. You can find the EEOC office which is closest to you through the following web site: www.eeoc.gov. You may also reach the EEOC, toll-free, through the following number: 1-800-669-4000.

**A full copy of this policy is available on request.